In re Perle Albert SORAH, Jr., Debtor.

Perle Albert SORAH, Jr., Plaintiff,

v.

Karren L. SORAH, Defendant.

Bankruptcy No. 93–60212.
Adv. No. 94–6009.

United States Bankruptcy Court,
E.D. Kentucky,
Corbin Division.

Dec. 27, 1996.

Guy M. Graves, Lexington, Kentucky, for plaintiff.

James W. Gardner, Lexington, Kentucky, for defendant.

### MEMORANDUM OPINION

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter is before the Court pursuant to an Agreed Order of Submission entered herein on September 11, 1996. The parties have submitted Joint Stipulations and have briefed their respective positions. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b); it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

This matter was initiated by the filing of the plaintiff's Complaint on May 12, 1994. Therein the plaintiff sought a judgment that his obligation to pay "maintenance" to the defendant under a decree of dissolution of marriage entered in the Bell Circuit Court on November 24, 1993, is dischargeable pursuant to 11 U.S.C. § 523(a)(5). The defendant

filed her Answer on June 7, 1994. This matter was first set for trial on December 8, 1994. The trial was continued, however, pending resolution of Appeal No. 94–CI–000199 wherein the Kentucky Court of Appeals reviewed the award of "maintenance" under the Decree of Dissolution.

On September 29, 1995, the defendant filed a Motion to Dismiss, stating that the Kentucky Court of Appeals had upheld the award of maintenance on June 23, 1995. The plaintiff filed his Response to Defendant's Motion to Dismiss on November 22, 1995. The defendant filed her Reply to Plaintiff's Response on December 5, 1995. The plaintiff filed a Supplemental Response to Defendant's Motion to Dismiss on December 8, 1995. This Court entered an Order overruling the defendant's Motion to Dismiss on December 22, 1995.

The trial of this matter was rescheduled for April 5, 1996. On March 1, 1996, the parties filed a joint Motion to Submit, asking that the matter be submitted on the record. An Agreed Order was entered on April 1, 1996, providing that the matter would be submitted on the record. The parties were directed to tender an order providing a briefing schedule, a Joint Stipulation of Facts, a Joint Designation and Stipulation of the Record and Admissibility of Documents, and an Order of Submission. The Scheduling Order was entered on May 2, 1996. The Joint Stipulation of Facts and Designation and Stipulation of the Record and Admissibility of Documents was entered on July 9, 1996.

The Joint Stipulation of Facts provides as follows:

"1. Plaintiff and defendant were married on October 19, 1973, and separated on January 3, 1992, living apart continuously since that time. No children were born of the marriage. The Final Decree dissolving the marriage was entered on November 24, 1993.

2. Plaintiff was born on September 13, 1951, and was forty-two (42) years old when the Decree was entered. Plaintiff had completed high school and two (2) years of technical training as an x-ray technician. Plaintiff resided in Middlesboro, Kentucky in a rental house and was employed as a radiolog-

ic technologist at Downtown Radiology, Inc., and Lakeway Regional Hospital. Defendant contended that Plaintiff had unreported income from photography, wood working, framing, and leather enterprises, but these contentions were denied by Plaintiff.

3. Plaintiff was generally in good health and had no special medical needs, but was diagnosed with an osteoarthritic condition of the right shoulder which precludes strenuous work and restricts Plaintiff's mobility and the type of job activities available to him (see Page 7 and Exhibit 3 to Plaintiff's deposition, dated September 21, 1993).

4. Defendant was born on November 22, 1943, and was forty-nine years of age when the Decree was entered. Defendant had a high school education, resided in the parties' marital residence in Middlesboro, Kentucky, and was employed as a teacher's aid in Middlesboro during the school year. Plaintiff contended that Defendant had unreported income from real properties owned by Defendant, but these contentions were denied by Defendant.

5. Defendant was generally in good health and had no special medical needs, but was diagnosed with varicose veins and thrombophlebitis of the left leg that may get worse and could be a limiting factor in the type of work and length of time she may be able to work (see Page 28 and Exhibit M to Defendant's deposition, dated June 24, 1993).

6. During the marriage of Plaintiff and Defendant, Defendant received by gift or inheritance from her mother, free of any mortgage debt, the following real property:
—Lot used for marital residence, Happy Hollow, Middlesboro, Kentucky (gift in 1974);
—Twenty-nine (29) acres, Happy Hollow, Middlesboro, Kentucky (inherited in 1986);
—Lots 27, 28 and additional lots in block 23, section S.E., Middlesboro, Kentucky (inherited in 1986);

7. Pursuant to the Decree, Defendant retained in her possession, subject to the mortgage indebtedness incurred during the marriage, all of the pre-marital real property referenced in Paragraph 6 and all of the improvements made thereon during the marriage, including the marital residence and pool constructed during the marriage. Plaintiff was not awarded any marital interest in said real properties or in any of the improvements made during the marriage.

8. At the time of their separation, Plaintiff and Defendant divided their personal property acquired during the marriage, and the Trial Court left undisturbed their division of personal property.

The issue before this Court is whether the payments designated as "maintenance" by the Bell Circuit Court are nondischargeable pursuant to 11 U.S.C. § 523(a)(5). That section provides, *inter alia*, that a discharge under 11 U.S.C. § 727 does not discharge a debtor from a debt to a former spouse for maintenance in connection with a divorce decree, but not to the extent that "such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support."

What constitutes alimony, maintenance, or support is a question of federal law. *In re Spong*, 661 F.2d 6 (2nd Cir.1981). The defendant has consistently argued that *In re Fitzgerald*, 9 F.3d 517 (6th Cir.1993), is controlling in this case because the Bell Circuit Court denominated its award to the defendant as "maintenance." This Court has already ruled in its Order of December 22, 1995, overruling the defendant's Motion to Dismiss that *Fitzgerald* is not determinative because the fact that the payment in *Fitzgerald* was maintenance was undisputed. This Court further noted that pursuant to 523(a)(5)(B), the label placed on the liability by the parties or the court is not determinative of the issue.

As set out in *In re Calhoun*, 715 F.2d 1103 (6th Cir.1983), the primary considerations in the determination of whether marital obligations are actually in the nature of support or maintenance are the intent of the court in fixing the obligation, and the real purpose served by the obligation in light of the parties' circumstances at the time of the court's award. The guidelines for granting an order of maintenance in Kentucky are found in KRS 403.200 which provides in per-

tinent part that the trial court may grant a maintenance order if the spouse seeking maintenance lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs, and is unable to support himself through appropriate employment.

■ The factors to be considered by the trial court in making a determination about maintenance include the financial resources of the party seeking maintenance, including marital property apportioned to him and his ability to meet his needs independently; the time necessary to acquire sufficient education or training to enable him to find new employment; the standard of living established during the marriage; the duration of the marriage; the age and physical and emotional condition of the spouse seeking maintenance; and the ability of the spouse from whom maintenance is sought to meet his needs, while meeting those of the spouse seeking maintenance.

■ The plaintiff contends that the record before the trial court does not support its findings. The trial court came to the conclusion that the plaintiff's yearly income was in excess of $35,000.00, and that the defendant's was approximately $8,000.00. Neither of these figures is supported by the record. In fact, the only evidence is that the plaintiff's income was considerably less, and that the defendant's was somewhat greater. In addition, the defendant received the marital home and all the property inherited from her mother. The trial court apparently considered neither the rental income the defendant received from these properties nor their worth. The trial court gave no meaningful consideration to the plaintiff's ability to support himself after making the monthly "maintenance" payments. Further, its finding that there was approximately $100,000.00 in outstanding loans against the defendant's properties which became her sole responsibility is unsupported by the record.

Aside from the lack of support in the record for the trial court's pronouncements concerning the parties' respective resources, the language used in regard to the plaintiff's alleged infidelity makes it quite clear that the award of maintenance was intended to be punitive. The trial court intended to reallocate debt between the parties and restore property which the plaintiff had allegedly dissipated. In addition to restoring her "dissipated" property, the plaintiff contends, the trial court was attempting to relieve the defendant from her mortgage debt under the guise of "maintenance" to avoid the his discharge in bankruptcy. This Court agrees.

■ As set out in *In re Chism,* 169 B.R. 163 (Bkrtcy.W.D.Tenn.1994), a case similar to the case at bar, when the state court's intention is to effect a division of property, such action cannot be masked by the application of labels such as "support" or "maintenance." The *Chism* court found several components of the state court award before it to be in the nature of a division of property, and therefore dischargeable, and some components to actually be in the nature of support for the wife. In those instances, the trial court had made specific findings concerning her "present ability" to pay various debts, including attorney fees, that her husband had been ordered to pay. No such analysis was performed in the case at bar, as the trial court was too busy characterizing the plaintiff as an immoral wastrel and the defendant as the destitute victim.

This Court therefore concludes that the trial court had little or no justification for its award of "maintenance" except its desire to punish the plaintiff. The trial court's action was in fact a division of property, and such an award is dischargeable in bankruptcy. An order in conformity with this opinion will be entered separately.